**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Dan C. ALEXANDER, Jr., and Norman
Grider, Defendants–Appellants.**

**No. 87–7070.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 16, 1989.

Richard G. Alexander, Alexander & Knizley, Christopher Knight, Haas & Knight, Mobile, Ala., Carter G. Phillips, Sidney & Austin, Washington, D.C., for Dan C. Alexander.

James Atchison, William B. Jackson, II, Mobile, Ala., for Norman Grider.

Richard W. Moore, U.S. Atty., Mobile, Ala., for U.S.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HATCHETT, Circuit Judge, and HILL * and GIBSON **, Senior Circuit Judges.

HILL, Senior Circuit Judge:

 This court has previously entered an opinion in this matter. *See United States v. Alexander*, 850 F.2d 1500 (11th Cir.1988). By order dated July 3, 1989, however, the Supreme Court vacated that judgment and remanded the case to us for further consideration in light of its opinion in *H.J., Inc. v. Northwestern Bell Telephone Co.*, —— U.S. ——, 109 S.Ct. 2893, 106 L.Ed.2d 195. We have carefully reviewed that opinion in addition to the briefs of the parties on remand. We now substitute the following for that portion of our opinion under the heading "RICO" found at *Alexander*, 850 F.2d at 1506.

### RICO

The trial court convicted the appellants of racketeering offenses under count one of the indictment. In order to convict the appellants under this count, the government must establish a "pattern of racketeering activity." 18 U.S.C. § 1962(c). This requires that the government show at least two related racketeering predicate acts that amount to, or threaten the likelihood of, continued criminal activity. *H.J. v. Northwestern Bell Telephone Co.*, —— U.S. ——, 109 S.Ct. 2893, 2900, 106 L.Ed.2d 195 (1989). The jury found Grider guilty of mail fraud and the Hobbs Act conspiracy, thus establishing two predicate acts. The jury found Alexander guilty of mail fraud, the Hobbs Act conspiracy, and violation of the Hobbs Act through the scheme involving the efficiency study contract. Because we reverse the mail fraud convictions, there are no longer two predicate acts to support Grider's RICO conviction. With respect to Alexander, however, there remain two predicate acts to support a RICO conviction. These acts, moreover, threaten continued activity, as required by *Northwestern Bell;* Alexander extorted, or conspired to extort, money each year that he held office from 1977 to 1984. We find sufficient likelihood that had Alexander continued as a board member, he would have also continued these sorts of activities.

We also find that Alexander's predicate acts were sufficiently related under the Supreme Court's test in *Northwestern Bell*. They had a similar purpose: to enrich Alexander. The acts had a similar result: the selection of contractors and architects who enriched Alexander. Finally, Alexander's method of commission was consistent; he designated others to explain his wishes to those from whom he desired compensation. Thus, we find the pattern of activity the Supreme Court requires in order to support Alexander's conviction.

We reinstate all of our prior opinion except the portion substituted above.

We reinstate our judgment REVERSING Grider's conviction under count one and

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

AFFIRMING Alexander's conviction under that count.